IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| DEBORAH S. HENZE<br>264 Fleming Avenue<br>Hanover, Pennsylvania 17331,<br><br>    Plaintiff,<br><br>v.<br><br>ALFRED LEE-YOUNG, M.D.<br>216-A Washington Heights Medical Center<br>Westminster, Maryland 21157,<br><br>and<br><br>CARROLL DIGESTIVE ASSOCIATES, P.A.<br>216-A Washington Heights Medical Center<br>Westminster, Maryland 21157,<br><br>SERVE ON:<br><br>    Choon K. Kim, Resident Agent<br>    14 Valleywood Court<br>    Timonium, Maryland 21093,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* Civil Action No.:<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

Deborah Henze, Plaintiff, by and through her undersigned attorneys, Stephen J. Hughes and Treanor Pope & Hughes, P.A., sue Alfred Lee-Young, M.D. and Carroll Digestive Associates, P.A., and in support thereof, state:

1

## JURISDICTION AND VENUE

1.  Plaintiff Deborah Henze is a citizen and resident of the Commonwealth of Pennsylvania residing at 264 Flemming Avenue, Hanover, Pennsylvania 17331.

2.  Alfred Lee-Young, M.D. ("Dr. Lee-Young") is, on information and belief, a citizen and resident of Carroll County, Maryland, who regularly transacts business and provides medical care and treatment to patients in Carroll County and other counties in the State of Maryland.

3.  Carroll Digestive Associates, P.A. (the "P.A.") is, on information and belief, a Professional Association organized and operating under the laws of the State of Maryland and was, at all times relevant hereto, a Health Care Provider which, by its agents, servants and employees, both actual and/or apparent, rendered medical care to citizens of the State of Maryland, including Carroll County. At all times relevant hereto, the P.A. was the actual and/or apparent employer of Dr. Lee-Young.

4.  The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000.00).

5.  This Court has original subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332, because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different states. There is complete diversity of citizenship.

6.  This action was filed before the Health Care Alternative Dispute Resolution Office of Maryland on June 18, 2010, at which time a Claim Form, Personal Information Certification and Statement of Claim were filed with the HCADRO. On or about December 15, 2010 a Certificate of Merit and Attached Report of Michael D. Apstein, Jr., M.D. was filed with the HCADRO. A true and correct copy of this document is attached hereto as Exhibit 1. On February 22, 2011 a Notice of Claimants' Election to Waive Arbitration was filed with the HCADRO, and on March 1, 2011, the

Director of the HCADRO entered an Order transferring the case to the United States District Court for the District of Maryland, Northern Division. A true and correct copy of the Order of Transfer is attached hereto as Exhibit 2.

## FACTS COMMON TO ALL COUNTS

7. At all times relevant hereto, Defendants Dr. Lee-Young and the P.A. held themselves out to the public at large, and to the Plaintiffs in particular as capable of providing specialized medical care to citizens of the State of Maryland, including Carroll County, particularly with respect to the diagnosis and treatment of gastrointestinal disorders.

8. On or about January 31, 2006 Plaintiff Deborah Henze came under the care of Dr. Lee-Young. At that time, Dr. Lee-Young prescribed 20 mg of Reglan per day for treatment of Mrs. Henze's reflux problems.

9. At the time he prescribed Reglan to Mrs. Henze, Dr. Lee-Young did not advise Mrs. Henze of the substantial risks associated with the use of the medication, including the risk of development of neurological disorders such as Tardive Dyskinesia.

10. On or about June 30, 2006 Dr. Lee-Young saw Mrs. Henze for the purpose of assessing her gastric reflux. In response to that problem, Dr. Lee-Young prescribed several medications, and increased the dose of Reglan to be taken to 40 mg per day. Dr. Lee-Young gave Mrs. Henze a prescription for a 90 day supply of 40 mg. Reglan, with several refills.

11. At the time he prescribed the increased dosage of Reglan to Mrs. Henze as aforesaid, Dr. Lee-Young did not advise Mrs. Henze of the substantial risks associated with the use of the medication, including the risk of development of neurological disorders such as Tardive Dyskinesia. He further failed to advise Mrs. Henze that the risk of such complications increased dramatically with prolonged

use of the medication, and that the manufacturer had issued a cautionary warning that the drug was only indicated for short-term use (four to twelve weeks).

12   Mrs. Henze took the medication as prescribed by Dr. Lee-Young. It afforded some relief of her reflux symptoms.

13.   On September 29, 2006 Mrs. Henze saw Dr. Lee-Young in follow up for her reflux condition. On that occasion, he advised Mrs. Henze to continue taking Reglan, again at a dose of 20 mg. per day. Mrs. Henze was advised to continue to take this medication for an additional six months, and then to come back and see Dr. Lee-Young for further assessment.

14.   At the time he advised Mrs. Henze to continue use of Reglan for a period of a further six months, Dr. Lee-Young again failed to advise Mrs. Henze of the substantial risk associated with use of the medication, including the risk of developing neurological disorders such as Tardive Dyskinesia. He further failed to advise Mrs. Henze that the risk of such complications increased dramatically with prolonged use of the medication, and that the manufacturer had issued a cautionary warning that the drug was only indicated for short-term use (four to twelve weeks).

15.   Mrs. Henze continued to take the Reglan, along with other medications prescribed by Dr. Lee-Young over the course of the ensuing six months.

16.   During this period, Mrs. Henze began to develop some mild abnormal neurological symptoms, including photophobia and facial ticks and spasms which over the course of the ensuing months grew progressively worse. Mrs. Henze was unaware that any of these symptoms could have been caused by any of the medications that Dr. Lee-Young had prescribed; she therefore did not understand what was causing these symptoms.

17. Mrs. Henze saw Dr. Lee-Young again on March 23, 2007. At that time, Dr. Lee-Young did not inquire as to any neurological symptoms she might be having. He recommended that she continue on Reglan at the 20 mg. per day dose.

18. Following the March 2007 visit with Dr. Lee-Young, Mrs. Henze's neurological symptoms continued to worsen. She saw Dr. Lee-Young again on May 3, 2007, and advised him that she had developed neurological symptoms and spasms. By this time, Mrs. Henze had discontinued taking the Reglan, and was trying to find an explanation for the possible causes of her neurological symptoms.

19. At no time during the visit of May 3, 2007 did Dr. Lee-Young advise Mrs. Henze of the risks associated with prolong use of Reglan or that the medication was known to cause neurological symptoms of the type which Mrs. Henze had been experiencing.

20. In the Spring and Summer of 2007, Mrs. Henze saw several physicians in an effort to ascertain the nature and cause of her neurological symptoms.

21. In or about late June of 2007, Mrs. Henze came under the care of Dr. Allan Genut, a neurologist in Towson, Maryland. Dr. Genut performed a total neurological exam and questioned her carefully about her medical history. When Dr. Genut learned that Mrs. Henze had been taking Reglan, he told her for the first time that the neurological symptoms she had been experiencing were likely related to the prolonged Reglan use.

22. Despite visiting several specialists and receiving multiple forms of treatment to control her neurological symptoms, Mrs. Henze continues to suffer from various ticks, spasms and involuntary jerking motions of the face and neck, all of which are directly attributable to prolonged Reglan exposure.

## COUNT I
## NEGLIGENCE
### (Alfred Lee-Young, M.D.)

23. The facts and matters alleged in paragraphs 1 through 22 are repeated and re-alleged as if fully set forth herein.

24. As a Health Care Provider rendering services to patients in the State of Maryland, Dr. Lee-Young owed to the public at large and to Mrs. Henze in particular a duty to exercise that degree of skill and care ordinarily exercised by reasonably competent practitioners within their area of specialty acting under the same or similar circumstances.

25. Dr. Lee-Young breached the applicable standards of care in the care and treatment rendered to Mrs. Henze in that he failed to use adequate skill and care in recommending treatment for her reflux condition, recommended treatment modalities that were dangerous when other, less dangerous alternatives were available, and recommended prolonged use of a medication which he knew or should have known posed an unreasonable risk of long-term neurological injury to Mrs. Henze, and was otherwise negligent.

26. As a direct result of the negligence of Dr. Lee-Young as aforesaid, Mrs. Henze has developed a profound and permanent neurological disorder known as Tardive Dyskinesia. As a consequence of developing this condition, Mrs. Henze has experienced significant disability, and has been caused to suffer extreme pain, mental anguish, ongoing embarrassment, humiliation and other economic and non-economic damages, including past and future medical expenses, without any negligence on her part contributing thereto.

WHEREFORE, Deborah Henze, Plaintiff, demands judgment against Defendant Alfred Lee-Young, M.D., for all injuries and damages which she has suffered as a direct consequence of the negligence of this Defendant, as aforesaid.

## COUNT II
### INFORMED CONSENT
### (Alfred Lee-Young, M.D.)

27. The facts and matters alleged in paragraphs 1 through 26 are repeated and re-alleged as if fully set forth herein.

28. As a Health Care Provider rendering care to Deborah Henze, Dr. Lee-Young owed to Mrs. Henze a duty to obtain her proper informed consent to any contemplated therapy, treatment or procedure by apprising Mrs. Henze of the risks, benefits, potential complications and reasonable alternatives to any proposed treatment.

29. Dr. Lee-Young failed to disclose to Mrs. Henze all of those risks, complications and alternatives to treatment that are reasonably prudent patient in the position of Mrs. Henze would consider material in making a decision as to whether or not to submit to the proposed treatment. Specifically, Dr. Lee-Young failed to apprise Mrs. Henze of the substantial risk of neurological injury posed by prolonged Reglan use.

30. By failing to so advise Mrs. Henze, Dr. Lee-Young failed to obtain her proper informed consent to the proposed treatment.

31. As a direct and proximate result of the failure of Dr. Lee-Young to obtains Mrs. Henze's proper informed consent, Mrs. Henze was caused to suffer and sustain a severe neurological injury accompanied by extreme and persistent pain, limitations of activities, mental anguish, embarrassment,

humiliation, past and future medical expenses, and other damages, without any negligence on her part contributing thereto.

WHEREFORE, Deborah Henze, Plaintiff, requests the entry of judgment against Alfred Lee-Young, M.D. for all injuries and damages which she has sustained as a consequence of this Defendant's failure to obtain her proper informed consent.

## COUNT III
## VICARIOUS LIABILITY
**(Carroll Digestive Associates P.A.)**

32. The facts and matters alleged in paragraphs 1 through 31 are repeated and re-alleged as if fully set forth herein.

33. Dr. Lee-Young was, at all times relevant hereto, the actual or apparent agent of the P.A., acting within the scope of his employment.

34. The P.A. is vicariously liable for the negligence conduct of its actual and/or apparent agents, servants and employees committed while acting within the scope of their employment.

35. The P.A. is therefore vicariously liable for the negligence of Dr. Lee-Young as aforesaid, in connection with this care and treatment of the Plaintiff, Deborah Henze.

WHEREFORE, Deborah Henze, Plaintiff, demands judgment against Carroll Digestive Associates, P.A. for all injuries and damages which she has sustained as a consequence of the negligence of its actual and/or apparent agents, servants and employees, including Dr. Lee-Young as aforesaid.

Respectfully submitted,

_____
Stephen J. Hughes, Esquire (#03313)
Treanor Pope & Hughes, P.A.
29 W. Susquehanna Avenue, Suite 110
Towson, Maryland 21204
Tel: (410) 494-7777
sjhughes@tph-law.com

Attorneys for Plaintiff